**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

VANGIE ARELLANO,

        Plaintiff,

v.                                        CIV 16-1325 KBM/LF

NEW MEXICO DEPARTMENT OF HEALTH,
and THE NEW MEXICO STATE
PERSONNEL BOARD,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Remand, filed on December 14, 2016. *Doc. 3.* Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 5-9.*

Plaintiff argues that removal was not timely under 28 U.S.C. § 1446(b). Having considered record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is not well-taken and will be **DENIED**.

### I. Background

This matter has a long and winding procedural history. It begins on August 13, 2010, the date on which Plaintiff's then-employer, the New Mexico Department of Health (DOH), mailed Plaintiff a letter terminating her employment. *Doc. 10-1* at 9. Plaintiff "was employed by the [DOH] as a Psychiatric Technician . . . at the New Mexico Behavioral Health Institute . . . in Las Vegas[,] New Mexico." *Doc. 1-D* at 16. The DOH

dismissed Plaintiff without using "progressive discipline," after it determined she had intentionally filed a false incident report, accusing another employee of patient abuse. *See Docs. 1-B* at 10–13; *10-1* at 9-10. Plaintiff timely mailed a notice of appeal of her termination to the New Mexico State Personnel Board (SPB) on September 9, 2010. *See Docs. 1-D* at 14-15, 25; *10-1* at 11-12. Despite evidence that the SPB received the appeal on September 14, 2010, it "never processed and accepted" Plaintiff's appeal. *Doc. 1-D* at 17, 23. Consequently, Plaintiff's appeal was effectively lost and was never accepted, denied, or set for hearing. *Id.* at 24.

Six "[m]onths later, [Plaintiff] took the position that the lack of action by the [SPB] to either accept or deny her appeal amounted to constructive denial[,]" and she filed claims against the DOH in the Fourth Judicial "District Court, proceeding on the assumption that she had exhausted her administrative remedies." *Id.*; *see also Doc. 10-1* at 1-7. The DOH filed a motion to dismiss Plaintiff's complaint, and the court granted the motion on July 8, 2011, dismissing the case without prejudice so Plaintiff could "pursue an administrative appeal before the" SPB. *Doc. 10-2*.

Plaintiff filed a "Request for Hearing and Motion for Entry of Default/Waiver against the State Personnel Board and the Department of Health" with the SPB on July 8, 2011. *See Doc. 1-D* at 17. Administrative Law Judge (ALJ) Leonard J. Padilla held a hearing on the issue of whether Plaintiff had filed a timely appeal with the SPB. *Id.* ALJ Padilla recommended that the SPB "conclude that [Plaintiff] met the requirements of the law for timely filing her appeal, . . . and that it grant" her Request for Hearing. *Id.* at 24. The ALJ also recommended that the SPB deny Plaintiff's Motion for Entry of Default/

Waiver against the SPB and the DOH. *Id.* The SPB adopted the ALJ's recommendations on August 10, 2011. *See Doc. 1-D* at 14-15.

ALJ Padilla held an evidentiary hearing on the merits of Plaintiff's appeal on December 15, 2011. *See Doc. 1-B* at 20. The ALJ recommended that the SPB find: (1) the DOH "prove[d] by a preponderance of the evidence that [Plaintiff] violated Department policy"; and (2) the DOH was justified in terminating Plaintiff without progressive discipline. *See Docs. 1-B* at 10; *10* at 3. The SPB entered a Final Decision on April 27, 2012, adopting ALJ Padilla's recommendations and affirming Plaintiff's dismissal. *Doc. 1-D* at 12-13.

Plaintiff filed a Notice of Appeal under Rule 74 and Motion for Certification to the Court of Appeals on May 17, 2012, with the Fourth Judicial District Court. *Doc. 3-1.* Plaintiff named both the DOH and the SPB as Appellees in the case caption. *See id.* at 1. Plaintiff included two counts in her appeal: first, she sought reversal of the SPB's decision upholding her termination; second, she asked the court for a declaratory judgment finding that the SPB and/or the DOH "waived, denied, or defaulted on [Plaintiff's] appeal of her termination by their failure to schedule [her] hearing within a reasonable time." *Id.* at 4-5. In the section of her Notice of Appeal entitled "Motion for Certification to the Court of Appeals" (but not included in Count II), Plaintiff noted that "[t]he issue concerning the waiver, default, or denial of Appellant's appeal by the inaction of the [SPB] . . . poses a constitutional due process question [and] is a question with state-wide impact . . . ." *Id.* at 5.

While Plaintiff apparently added the SPB to the case caption of her Notice of Appeal, it does not appear from the parties' submissions or the State Court website that

Plaintiff served the SPB with a summons in 2012.[1] Plaintiff submitted evidence showing that she served a summons and notice of appeal on the DOH on June 15, 2012. *Doc. 3-3*. There is no evidence, however, that Plaintiff served a summons and notice of appeal on the SPB. *See Ex. 1 to Order*.

Despite – or perhaps due in part to – this, the SPB filed a Motion to Dismiss the State Personnel Board as Party. *Doc. 3-5*. In its motion, the SPB stated that under N.M. Stat. Ann. § 10-9-18(G) (1978), which provides that "'[a] party aggrieved by the decision of the board may appeal the decision' to the appropriate district court[, t]he language referring to 'a party' does not include the board itself." *Id.* at 1 (quoting § 10-9-18(G)). In other words, the SPB argued, it was not a proper or "indispensable party for purposes of judicial review of the Board's decisions" and should be dismissed. *Id.* at 2 (citing *Montoya v. Dep't of Fin. & Admin.*, 649 P.2d 476 (N.M. Ct. App. 1982)). Plaintiff did not refer or cite to federal constitutional law in her response. *Ex. 2 to Order*. After hearing oral argument on the SPB's motion, "and relying on *Montoya v. Dep't of Finance & Administration* and the fact that [Plaintiff] did receive a hearing before" the SPB, the court dismissed the SPB as a party on November 13, 2012.[2] *Doc. 10-3*.

---

[1] The Court takes judicial notice of several documents from Plaintiff's state lawsuits, D-101-CV-2011-03710 and D-412-CV-2012-238, which are matters of public record. The Court has attached the following documents as exhibits to this Memorandum Opinion and Order ("Order"): Exhibit 1 – a copy of the First Judicial District Court's Docket ("State Court Docket"); Exhibit 2 – Plaintiff's September 18, 2012 Response filed with the Fourth Judicial District Court; Exhibit 3 – First Judicial District Court Order of November 14, 2013; and Exhibit 4 – First Judicial District Court Order of December 14, 2015.

[2] Plaintiff's appeal to the Fourth Judicial District Court has since been consolidated with another lawsuit she filed in the First Judicial District Court in 2011. *See Doc. 1-A*. On December 7, 2011, approximately one week before ALJ Padilla held the evidentiary hearing in Plaintiff's original appeal before the SPB, Plaintiff filed a second complaint in the First Judicial District Court. *See Doc. 10* at 2 (citing D-101-CV-2011-03710). In that complaint, Plaintiff asserted claims against the DOH under New Mexico's Whistleblower Protection Act (WPA), N.M. Stat. Ann. § 10-16C-1 (1978). *See id.* at 2-3. The First Judicial District Court consolidated Plaintiff's claims under the WPA together with Plaintiff's Notice of Appeal under Rule 74 on December 11, 2012, approximately one month after the SPB was dismissed as a party

While the court dismissed the SPB as a party, Plaintiff argued that the court did not dismiss Plaintiff's claim in Count II – the claim Plaintiff made against the SPB. *See*, *e.g.*, *Ex. 3 to Order*. The First Judicial District Court held a hearing on Plaintiff's administrative appeal on November 6, 2013. *See Doc. 10* at 4; *see also Ex. 1 to Order*, Notice of Hearing set for Nov. 6, 2013 (Aug. 22, 2013). In a ruling from the bench, the judge affirmed the SPB's decision to terminate Plaintiff and also found that "[t]he procedural irregularities alleged by [Plaintiff] do not constitute waiver or default." *Doc. 10* at 4; *see also Doc. 10-6*. In a confusing twist to our already tortuous procedural history, the district court's written order contained a typographical error, inadvertently concluding that the SPB's "alleged procedural irregularities '***do*** constitute a waiver or default[.]'"[3] *Ex. 3 to Order* at 2 (emphasis added).

The State Court Docket reflects that Plaintiff moved to set aside the ALJ's decision and grant Count II on July 21, 2015, and the court later denied her motion and unequivocally dismissed Count II on December 14, 2015. *See Ex. 1 to Order*, Mtn to Set Aside Decision of ALJ and to Grant Count II of CV 2012-238 (July 21, 2015); *see also Ex. 4 to Order* at 1-2 (holding that the court's November 2012 order granting the SPB's motion to dismiss "effectively disposed of Count II[,]" and finding that Plaintiff is precluded from pursuing Count II by "res judicata and collateral estoppel as well as law of the case").

---

to Plaintiff's appeal. *Docs. 1-A*; *10-3*. The New Mexico Court of Appeals has since dismissed Plaintiff's claims under the WPA, and they are not relevant to the Motion under consideration. *See Doc. 10-7*.

[3] The First Judicial District Court has since filed a Corrected Order correcting this typographical error. The finding should have read that "[t]he procedural regularities alleged by [Plaintiff] do ***not*** constitute a waiver or default . . . ." *Doc. 10-6* at 1.

Despite the court's unequivocal dismissal of Count II, Plaintiff appealed two of the court's *earlier* decisions – including the November 14, 2013 Order with the confusing typographical error – to the New Mexico Court of Appeals. *See Ex. 1 to Order*, Notice of Appeal to Ct. of Appeals (Jan. 11, 2016); *see also Arellano v. N.M. Dep't of Health*, 2016 WL 4942708, at *1 (N.M. Ct. App. Aug. 29, 2016) (noting "Plaintiff has appealed from an order denying her motion to set aside a decision by an [ALJ]"). Quoting the language with the typographical error, the appellate court reversed the November 14, 2013 Order, noting that it was "unwilling to give the order a meaning or significance which is so completely at odds with the language actually employed." *Arellano*, 2016 WL 4942708, at *2 (citation omitted). Consequently, the appellate court effectively reinstated Count II, finding that "[i]nsofar as Plaintiff remained at liberty to pursue her arguments relative to [Count] II in the SPB's absence, the district court's apparent refusal to consider the merits of those arguments was in error." *Id.* at 1; *see also Doc. 3* at 3 (noting a state court judge "dismissed Count II" and the New Mexico Court of Appeals "reinstated Count II").

After the Court of Appeals published its decision, Plaintiff filed a motion for summary judgment with respect to Count II on September 5, 2016, in the First Judicial District Court. *Doc. 1-B.* The district court entered an order on November 1, 2016, finding that "Count II is a claim against the [SPB] only[,]" and the SPB "is not currently a party in this matter." *Doc. 1-C* at 1. The court granted Plaintiff's motion to join the SPB as a party, and it deferred Plaintiff's motion for summary judgment until the SPB received a summons and responded to Plaintiff's motion. *Id.* at 1-2. Plaintiff served a summons issued on November 2, 2016 on the SPB and attached: (1) the Order Joining

Additional Party entered November 1, 2016; and (2) the Notice of Appeal under Rule 74 and Motion for Certification to the Court of Appeals filed on May 17, 2012. *See Docs. 1* ¶ 5; *1-D*. Counsel for the SPB asserts that she received the summons on November 4, 2016, and it was only then that she ascertained from Plaintiff's motion for summary judgment "that Plaintiff is asserting a federal due process claim under the 14th Amendment to the United States Constitution." *Doc. 1* ¶ 5. It does not appear from the State Court Docket that Plaintiff filed a record of proof of service for the November 2, 2016 summons. *See Ex. 1 to Order*. Plaintiff agrees, however, that the SPB "was served on November 4, 2016 with the Summons . . . ." *Doc. 3* at 1. Counsel for the SPB removed the lawsuit to this Court on December 5, 2016. *See id.* at 1.

## II.    Legal Standard

A defendant who wishes to remove a civil action from state court must file a notice of removal "within 30 days after [it receives] of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3).

### III.    Analysis

"Under [28 U.S.C.] § 1446(b), the removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts. If the statute is going to run, the notice ought to be unequivocal." *Whittenburg v. City of Aurora*, No. CIV.A.07-CV-0745-DME, 2007 WL 1346593, at *2 (D. Colo. May 7, 2007) (quoting *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (internal quotation omitted, alteration in original); citing *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998) ("requiring 'unequivocal notice of right to remove'")). The issue in this case concerns when the SPB had unequivocal notice that Plaintiff is asserting a federal constitutional due process claim.

As noted above, Plaintiff admits that the summons was served on the SPB on November 4, 2016. *Doc. 3* at 1. If the SPB had no notice prior to November 4, 2016, that Plaintiff is asserting a federal constitutional claim, then the December 5, 2016 removal is timely under § 1446(b)(3).

Plaintiff contends that the SPB has had notice she is asserting a federal constitutional claim for years. Plaintiff makes two arguments to demonstrate that the SPB was aware that the case was removable as early as 2012 when it was previously a party to the state case. *See Doc. 3.* First, Plaintiff argues that the SPB had notice she was asserting a federal claim when she made objections at the administrative level that the SPB's hearing was untimely. *Id.* at 1-2. The Court has read all of the parties' submissions from the administrative appeal level and found no language that gives unequivocal notice Plaintiff was asserting a federal constitutional claim. *See Docs. 1-B*

8

at 9-13, 20; *1-D* at 12-28. Plaintiff has submitted no transcripts, briefs, or other documents to demonstrate that she ever expressly raised a federal constitutional claim at either the administrative appeal level or in the Fourth Judicial District Court when she previously named the SPB as a party. Thus, Plaintiff's first argument fails.

Next, Plaintiff argues that the SPB had notice of her federal constitutional claim because of her appeal to the state court in 2012. *See Doc. 3* at 2. Plaintiff's argument is unavailing for two reasons. First, there is no evidence that Plaintiff ever served the SPB with a summons in 2012. The SPB was not, therefore, a party that could have removed the case even if it had notice of Plaintiff's federal claim. Second, the Court has read through all of the state court documents available,[4] and the only document that gives unequivocal notice of a federal constitutional claim is Plaintiff's September 5, 2016 motion for summary judgment. *See Doc. 1-B* at 2 (citing *In re Commc'n Investigation Into 1997 Earnings of U.S. W. Commc'ns, Inc.*, 980 P.2d 37, 43 (N.M. 1999) (discussing the "issue of whether [party] was afforded the process it is due under the Fourteenth Amendment to the United States Constitution") (internal citations omitted)). Plaintiff has not come forward with evidence to show that the SPB had access to that motion for summary judgment prior to the date Plaintiff served the SPB with the summons in November 2016.

Nevertheless, Plaintiff maintains that her Notice of Appeal under Rule 74 and Motion for Certification to the Court of Appeals, filed in 2012, provides the requisite

---

[4] The DOH asserted that the first time Plaintiff made an argument about her federal constitutional rights was in her February 14, 2016 docketing statement to the New Mexico Court of Appeals. *Doc. 10* at 5. Neither party submitted this document. Regardless, the SPB was not a party at the time of that appeal, nor has Plaintiff shown that the SPB had notice of that document prior to November 4, 2016. Consequently, the Plaintiff's February 14, 2016 docketing statement cannot serve to show unequivocal notice of a federal claim for purposes of § 1446.

notice. *See Doc. 3* at 3; *see also Doc. 3-1*. Plaintiff's Notice of Appeal stated the issues raised in Count II as to "the waiver, default, or denial of Appellant's appeal by the inaction of the [SPB] . . . poses a constitutional due process question [and] is a question with state-wide impact . . . ." *Doc. 3-1* at 5. This language, however, fails to give the SPB "unequivocal notice that [Plaintiff] was asserting a federal claim. Both the [New Mexico] and federal constitutions include a due process clause, *see* U.S. Const. amend. XIV;" N.M. Const. art. II, § 18. *See Whittenburg*, 2007 WL 1346593, at *2. Consequently, Plaintiff failed to make clear whether she was asserting a claim under the state or federal due process clause in 2012 when she filed her Notice of Appeal. Plaintiff's second argument also fails.

Counsel for the SPB asserts that she first read Plaintiff's motion for summary judgment on November 4, 2016, the same day Plaintiff served the summons. See *Doc. 11* at 2. Plaintiff provides no evidence to the contrary. Because the SPB filed its notice of removal within 30 days of the service of the summons and of reading the motion "from which it [could] first be ascertained that the case is one which . . . has become removable," removal is timely. *See* § 1446(b)(3). The SPB has met its burden to show that removal is proper. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (noting that "[a]s the parties removing this case to federal court, the defendants bear the burden of establishing jurisdiction by a preponderance of the evidence") (citation omitted). Plaintiff's Motion for Remand will therefore be denied.

Wherefore**,**

**IT IS ORDERED** that Plaintiff's Motion for Remand (*Doc. 3*) is **DENIED**.


_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent