IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VANGIE ARELLANO,

      Plaintiff,

v.                                                                               CIV 16-1325 KBM/LF

NEW MEXICO DEPARTMENT OF HEALTH,
and THE NEW MEXICO STATE
PERSONNEL BOARD,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant New Mexico State Personnel Board's Motion to Dismiss Plaintiff's Amended Complaint, filed on April 20, 2017 (*Doc. 37*), Plaintiff's Amended Motion to Reconsider Order Affirming Decision of Personnel Board, filed on May 4, 2017 (*Doc. 44*), and Plaintiff's Motion and Memorandum for Summary Judgement as to Counts II and [III] of Plaintiff's Amended Complaint Against Defendant[] State Personnel Board (Document 33) (*Doc. 74*), filed on July 11, 2017. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 5–9.*

The Court has considered the record, submissions of counsel, and relevant law, and finds Defendant's Motion to Dismiss Plaintiff's Amended Complaint (*Doc. 37*) is well-taken in part and will be granted with regards to the federal claims. Further, the

Court will deny the remaining motions as moot, decline to exercise supplemental jurisdiction and remand Plaintiff's state claims.

## I. Background and Discussion

The Court set out this matter's complicated procedural history in its detailed Memorandum Opinion and Order dated January 23, 2017, and incorporates it here by reference. *See Doc. 15* at 1-7.

### A. Characterizing Plaintiff's Claims

Plaintiff brings several of the claims in her Amended Complaint "under [the] Due Process Clause of the Fifth and Fourteenth Amendment[s] to the United States Constitution, under 42 U.S.C. § 1983 . . . ." *Am. Compl.* ¶ 1. In Count II, Plaintiff asks the Court to declare that the DOH and/or the SPB "waived, denied, or defaulted on Plaintiff's appeal of her termination by their failure to schedule Plaintiff's hearing within a meaningful time." *Id.* ¶ 32. In Count III, Plaintiff alleges that the "SPB failed to conduct Plaintiff's post-termination hearing within a meaningful time . . . in violation of Plaintiff[']s rights under the Due Process Clause of the Fifth and Fourteenth Amendment[s] to the United States Constitution" pursuant to 42 U.S.C. § 1983, "and under Article II, Section 18 of the New Mexico Constitution." *Id.* ¶ 35. In its Motion to Dismiss, the SPB discusses Counts II and III as claims asserting violations of Plaintiff's procedural due process rights pursuant to section 1983. *See Doc. 37* at 6-10. Plaintiff affirms that characterization in her response: "Count II and the certification to the court of appeals are by their nature due process claims." *Doc. 50* at 12. Accordingly, the Court finds that Counts II and III seek to bring claims for alleged procedural due process violations pursuant to section 1983.

2

Plaintiff styles Count IV as a due process violation based on the ALJ's alleged conflict of interest in and management of the hearing. *See Am. Compl.* at 6-7; *Doc. 50* at 8-11. Plaintiff alleges that as a result of this conflict of interest, "the SPB . . . lost jurisdiction to hear" Plaintiff's appeal. *Am. Compl.* ¶ 60; *see also id.* ¶¶ 32-33. Accordingly, Counts II and IV bring claims for due process violations pursuant to section 1983 based on the ALJ's alleged conflict of interest in and management of the hearing.

The SPB has moved to dismiss Plaintiff's claims in Counts II and III on several grounds.[1] First, the SPB argues that Plaintiff's due process claims must be dismissed "because courts do not recognize respondeat superior liability under Section 1983, and Plaintiff has not named as a party any individual government official at the SPB." *Doc. 37* at 4. Second, it argues that it is not a proper defendant under section 1983.[2] *Id.* at 5. Third, the SPB contends that the claims should be dismissed "because a 10-month delay to conduct a post-termination hearing does not, per se, establish a procedural due process violation . . . ." *Id.* at 4. The SPB also argues for dismissal of the due process violation in Count IV on the basis that Plaintiff failed to make allegations sufficient to show such a violation, and because Plaintiff's claim against the ALJ is barred by the statute of limitations. *Id.*

---

[1] Because the parties had presented matters outside of the pleadings in their briefing, the Court informed the parties that it would consider the evidence in conjunction with its decision on both dispositive motions. *Doc. 69.* The Court indicated that it would thus treat Defendant's Motion to Dismiss as one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) and allowed the parties to submit additional evidence, if desired. It is now clear, however, that any submitted evidence is immaterial because Plaintiff's allegations alone, when viewed the light most favorable to Plaintiff, fail to state a viable federal claim.

[2] The DOH adopted the SPB's arguments, which included the assertion that Plaintiff "has not brought any claims alleging that a Government official defendant, through that official's individual actions, violated the Constitution." *See Doc. 77* at 12 & *Doc. 78* at 1.

The Court is persuaded by the second argument raised by Defendant SPB and adopted by Defendant DOH – the federal due process claims fail to state a viable federal cause of action because neither the SPB nor the DOH are "persons" amenable to suit under section 1983.

**B.     The SPB and DOH are not "persons" for purposes of section 1983.**

Plaintiff did not respond to SPB's argument that as an arm of the state, it is immune from suit under section 1983. *See Doc. 37* at 5 & *Docs. 50, 80*. Indeed, Plaintiff has raised no argument to establish that the DOH or the SPB are not state agencies or arms of the state – nor could she.

"To determine whether an entity is an arm of the state[,]" the Court makes two inquiries: first, the court "examines the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state." *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (quoting *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996)). "Second, the court examines the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing. The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury." *Id.* (quoting *Watson*, 75 F.3d at 574-75).

The SPB "is a public administrative body created by statute." *Martinez v. N.M. State Eng'r Office*, 9 P.3d 657, 662 (N.M. Ct. App. 2000) (citing N.M. Stat. Ann. 1978, § 10-9-8 (1980); *State ex rel. N.M. Highway Dep't v. Silva*, 650 P.2d 833, 835 (N.M. Ct. App. 1982)). The SPB has precisely defined duties, and there is no evidence that the Board has autonomy to perform any duties outside of those defined by statute. *See*

4

N.M. Stat. Ann. § 10-9-10. Moreover, Plaintiff offers no argument to establish that the SPB provides for its own financing or that a money judgment would be satisfied by any fund outside of the state treasury. *See, e.g.*, N.M. Stat. Ann. § 10-9-5. The Court finds that the SPB is an arm of the state.

The DOH is a "cabinet department" created as part of the state's executive branch. N.M. Stat. Ann. 1978 § 9-7-4. Multiple state and federal cases acknowledge that the DOH is an arm of the state and entitled to Eleventh Amendment immunity. *See, e.g., J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1285-86 (10th Cir. 1999) (noting that while defendants, including DOH, are generally entitled to Eleventh Amendment immunity, immunity can be waived); *Lewis*, 94 F. Supp. 2d at 1223; *Jackson v. Fort Stanton Hosp. & Training Sch.*, 757 F. Supp. 1243, 1303 (D.N.M. 1990), *rev'd on other grounds*, 964 F.2d 980 (10th Cir. 1992); *Whitney v. New Mexico*, 113 F.3d 1170, 1172 (10th Cir. 1997) (upholding dismissal of Plaintiff's complaint against an employee of the DOH brought in his official capacity).

In summary, even Plaintiff contends, *Am. Compl.* ¶ 3, and all other courts to decide the issue have found that the SPB "is an agency or department with the State of New Mexico government." *See also Abreu v. N.M. Children, Youth & Families Dep't*, 646 F. Supp. 2d 1259, 1261 (D.N.M. 2009) (noting that the State Personnel Office is an agency of the State of New Mexico for purposes of Eleventh Amendment immunity). Likewise, the Department of Health is also an agency and arm of the State of New Mexico entitled to Eleventh Amendment immunity. *See, e.g., Lewis v. N.M. Dep't of Health*, 94 F. Supp. 2d 1217, 1223 (D.N.M. 2000) (where the plaintiff had conceded "that the Eleventh Amendment precludes section 1983 claims against" the DOH).

As arms of the state, neither the DOH nor the SPB are proper defendants under section 1983. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept of State Police,* 491 U.S. 58, 71 (1989). As the Tenth Circuit has explained, "'a governmental entity that is an arm of the state for Eleventh Amendment purposes' is not a 'person' for section 1983 purposes." *McLaughlin*, 215 F.3d at 1172 (quoting *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995), *superseded on other grounds by Peterson v. Timme*, 621 F. App'x 536, 542 (10th Cir. 2015)).

Because Plaintiff brings suit against only the DOH and SPB, rather than against officials within those agencies in their individual capacity, Plaintiff fails to state a viable federal claim under section 1983. Therefore, the Court will dismiss the section 1983 claims with prejudice.[3]

### C. The Court will remand Plaintiff's remaining state law claims.

Neither party addressed Plaintiff's claim under the New Mexico Constitution, and the Court declines to do so as well. Because the basis for federal jurisdiction here lies in the federal question, no independent federal jurisdictional basis remains for Plaintiff's remaining claim under state law. *See Am. Compl.* ¶ 35. Thus, the Court will decline to

---

[3] That Defendants waived their Eleventh Amendment immunity by removing Plaintiff's lawsuit to federal court does nothing to change the fact that they are not persons under section 1983. *See McLaughlin*, 215 F.3d at 1172-73 (concluding that the Board of Trustees had waived its Eleventh Amendment immunity by removing the case to federal court, but finding that the Board was not a person under section 1983).

exercise supplemental jurisdiction over Plaintiff's state law claim and will remand it to the First Judicial District Court, County of Santa Fe, for further proceedings.

IV. **Conclusion**

Because Defendants are not "persons" amenable to suit under section 1983, the Court will dismiss Plaintiff's claims pursuant to section 1983 with prejudice. Plaintiff's claim under the state constitution remains but will be remanded for consideration by the state court.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant New Mexico State Personnel Board's Motion to Dismiss Plaintiff's Amended Complaint (*Doc. 37*) is **granted in part**. Plaintiff's section 1983 claims against the SPB and DOH arising under the United States Constitution are **dismissed with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Memorandum for Summary Judgement as to Counts II and [III] of Plaintiff's Amended Complaint Against Defendant[] State Personnel Board (Document 33) (*Doc. 74*) is **denied**;

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion to Reconsider Order Affirming Decision of Personnel Board *(Doc. 44)* is **denied as moot**;

**IT IS FINALLY ORDERED** that Plaintiff's remaining state law claim is hereby **remanded** to the First Judicial District Court, County of Santa Fe, State of New Mexico for further adjudication.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent