**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

VANGIE ARELLANO,

       Plaintiff,

v.                                      CIV 16-1325 KBM/LF

NEW MEXICO DEPARTMENT OF HEALTH,
and THE NEW MEXICO STATE
PERSONNEL BOARD,

       Defendants.

# MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant New Mexico Department of Health's Motion for Clarification, filed on August 30, 2017 (*Doc. 87*). Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 5-9.* Having considered the record, submissions of counsel, and relevant law, the Court makes the following clarification.[1]

The Court set out this matter's complicated procedural history in its Memorandum Opinion and Order dated January 23, 2017. *See Doc. 15* at 1-7. Relevant to the Motion at hand, the Court restates the following: Plaintiff's former employer, the New Mexico Department of Health (DOH), terminated Plaintiff in August 2010. *See Doc. 10-1* at 9. After some procedural complications (*see Doc. 15* at 1-7), Plaintiff filed a "Request for Hearing and Motion for Entry of Default/Waiver Against the State

---

[1] The Court has considered the Motion and the Response and is able to resolve the Motion in the absence of a reply brief.

Personnel Board and the Department of Health" with the New Mexico State Personnel

Board (SPB) on July 8, 2011. *See Doc. 1-D* at 17. The SPB entered its Final Decision

on April 27, 2012, affirming Plaintiff's dismissal. *Doc. 1-D* at 12-13.

Plaintiff filed a Notice of Appeal under Rule 74 and Motion for Certification to the

Court of Appeals on May 17, 2012. *Doc. 3-1*. Plaintiff named both the DOH and the SPB

as Appellees in the case caption. *See id.* at 1. Plaintiff included two counts in her

appeal: first, she sought reversal of the SPB's decision upholding her termination;

second, she asked the court for a declaratory judgment finding that the SPB and/or the

DOH "waived, denied, or defaulted on [Plaintiff's] appeal of her termination by their

failure to schedule [her] hearing within a reasonable time." *Id.* at 4-5. Apparently

intending to dismiss Plaintiff's Appeal in its entirety, the First Judicial District Court

affirmed the SPB's decision to terminate Plaintiff and also found that "[t]he procedural

irregularities alleged by [Plaintiff] do not constitute waiver or default." *Doc. 10* at 4; *see

also Doc. 10-6*.

Plaintiff appealed this decision, along with a prior decision out of the Fourth

Judicial District Court, which dismissed SPB from the case. *See Arellano v. N.M. Dep't

of Health*, 2016 WL 4942708, at *1-2 (N.M. Ct. App. Aug. 29, 2016). Finding that both

orders were appealable and noting a typographical error in the First Judicial District

Court's order, the New Mexico Court of Appeals reversed both orders and remanded

the case to the First Judicial District Court for further proceedings. *Id.* at *2. This

decision effectively reinstated Count II. *Id.* at *1; *see also Doc. 3* at 3 (noting a state

court judge "dismissed Count II" and the New Mexico Court of Appeals "reinstated

Count II").

On remand, Plaintiff filed a motion for summary judgment with respect to Count II on September 5, 2016. *Doc. 1-B.* The district court entered an order on November 1, 2016, finding that "Count II is a claim against the [SPB] only[,]" and the SPB "is not currently a party in this matter." *Doc. 1-C* at 1. The court granted Plaintiff's motion to join the SPB as a party, and it deferred Plaintiff's motion for summary judgment until the SPB received a summons and responded to Plaintiff's motion. *Id.* at 1-2. After Plaintiff served the SPB, counsel for the SPB removed the lawsuit to this Court on December 5, 2016. *See Docs. 1* ¶ 5; *3* at 1.

Plaintiff filed an Amended Complaint in this Court. *Doc. 33* (*Am. Compl.*) ¶ 1.[2] Plaintiff mentions state law in two different paragraphs: (1) Plaintiff asserts that she brought her "claims under [sic] Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution, under 42 U.S.C. §1983, pursuant to Article II, Section 18 of the New Mexico Constitution and state law as it relates to Declaratory Judgements, §44-6-1 et seq." (*see id.* ¶ 1); (2) with respect to Count III, Plaintiff asserts that the "SPB failed to conduct Plaintiff's post-termination hearing within a meaningful time . . . under Article II, Section 18 of the New Mexico Constitution" (*see id.* ¶ 35). Of significance to this motion to clarify, the Amended Complaint expressly noted that it "does not withdraw or amend or dismiss any of her claims against the New Mexico Department of Health made in her cause nos. D-101-CV-2011-03710 or D-412-CV-2012-00238." *Am. Compl.* ¶ 6.

---

[2] While the state court found that Plaintiff's original Count II was against the SPB only (*see Doc. 1-C* at 1), it appears Plaintiff may have attempted to assert the Declaratory Judgment claim in Count II in the Amended Complaint against both Defendants. *See Am. Compl.* ¶ 32. Counts III and IV are against the SPB alone. *See id.* ¶¶ 34-62.

In its Memorandum Opinion and Order filed August 28, 2017, the Court expressly dismissed all federal claims. It found that "the federal due process claims fail to state a viable federal cause of action because neither the SPB nor the DOH are 'persons' amenable to suit under section 1983." *Doc. 86* at 4. It nevertheless appeared to the Court that Plaintiff had attempted to assert a claim under both the federal *and* state constitutions in Count III of her Amended Complaint. *Am. Compl.* ¶ 33. Because "[n]either party addressed Plaintiff's claim under the New Mexico Constitution," the Court declined to exercise supplemental jurisdiction over such a state claim and instead remanded that claim to the state court for further proceedings. *Id.* at 6-7. That is the "remaining state claim" the Court referenced in its Memorandum Opinion and Order.

Plaintiff also seeks clarification and asserts that "by only remanding only [sic] some of the State law claims, the Court is putting Plaintiff in the position of appealing some State law claims to the Federal Court of Appeals and others to the New Mexico Court of Appeals when both appeals should economically and logically go to the same appellate court." *Doc. 88* at 2. To the extent the Court's August 28, 2017 Memorandum Opinion and Order was unclear, the Court dismissed only the federal claims and remanded *any and all* of Plaintiff's state law claims, asserted against either or both defendants, to the First Judicial District Court. The Court retains no jurisdiction over any state law claims.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent

4